2003 ND 162

**In the Interest of R.F.**

**Rosalie Etherington, Ph.D., Petitioner and Appellee,**

v.

**R.F., Respondent and Appellant.**

**No. 20030288.**

Supreme Court of North Dakota.

Oct. 23, 2003.

Leo A. Ryan, Special Assistant Attorney General, Jamestown, for petitioner and appellee; submitted on brief.

Thomas E. Merrick, Jamestown, for respondent and appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] R.F. is appealing from a Southeast Judicial District Court order denying her petition for discharge from the North Dakota State Hospital. A continuing mental health treatment order was entered on January 8, 2003, requiring her to remain hospitalized and be treated at the North Dakota State Hospital until January 8, 2004, a period of one year, or until further order of the court. R.F. exercised her right to petition the court for discharge. N.D.C.C. § 25–03.1–31(2). The district court appointed an independent expert to examine her and to furnish a report to the court. R.F. argues the court's finding that she continues to require hospitalization is clearly erroneous. We conclude the district court did not err in finding that R.F. continues to be mentally ill, she is a person requiring treatment, and no adequate alternative treatment exists.

[¶ 2] At the hearing on a petition for discharge, "the burden of proof is the same as in an involuntary treatment hearing." N.D.C.C. § 25–03.1–31(2). Clear and convincing evidence must establish that the person requires treatment. N.D.C.C. § 25–03.1–19.

[¶ 3] Two experts, one of whom was R.F.'s own independent expert examiner appointed by the court, testified that R.F. suffers from obsessive compulsive disorder. Their testimony also supports the district court's findings that R.F.'s mental illness substantially impairs her capacity for self-control and that there is a reasonable expectation that serious risk of harm will occur if she is not treated. A person requiring treatment also has the right to the least restrictive means of treatment. N.D.C.C. § 25–03.1–40(2). The testimony supports the district court's finding that no other adequate alternative exists.

[¶ 4] We affirm the order denying R.F.'s petition for discharge, concluding

the district court's findings are not clearly erroneous.

[¶5] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.